MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE (ASBN 4305-078T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
  11th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California  94102
  Telephone: (415) 436-7000

Attorneys for United States of America

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TODD DONALD, | No. C 12-4493-SI |
|     Plaintiffs, | |
| v. | |
| | **MOTION TO DISMISS BY THE UNITED STATES AND MEMORANDUM IN SUPPORT THEREOF** |
| TIMOTHY FRANZ GEITHNER, | |
| | Date: January 4, 2013 |
| | Time: 9:00 a.m. |
|     Defendant. | Place: Federal Bldg., San Francisco Courtroom 10, 19th Floor |

    COMES NOW the United States of America, the real party in interest, on behalf of the named Defendant, Timothy Franz Geithner, Secretary of the Treasury ("Secretary Geithner"), and moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(4), (b)(5) and (b)(6).

    **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

    Plaintiff filed his complaint titled "Libel of Review" on August 27, 2012, contesting the authority of the Internal Revenue Service to collect taxes.

    Pursuant to Fed. R. Civ. P. 12(b)(4) and (b)(5), this action is due to be dismissed for failure to conform to the requirements of Rule 4(i) of the Fed. R. Civ. P. which sets forth the requirements for serving an officer of the United States.  Plaintiff filed a proof of service to show

1  that a copy of the summons and complaint were served on Preston Dyson, Mail Clerk. (ECF
2  Document #6). Pursuant to Rule 4(i), the United States Attorney and Attorney General for the
3  United States must be served with process, which Plaintiff has failed to effectuate. Additionally,
4  assuming that Secretary Geithner was sued individually, service of process upon a mail clerk
5  does not comply with Fed. R. Civ. P. 4(i)(3). Accordingly, this action is due to be dismissed
6  pursuant to Rule 12(b)(4) and (b)(5) of the Fed. R. Civ. P.

7  Moreover, this action is due to be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for
8  failure to state any cognizable claim against Secretary Geithner or the United States of America.
9  The complaint alleges that the IRS lacks the power to collect taxes it alleges are due from the
10 Plaintiff. Section 7421(a) of the Internal Revenue Code (26 U.S.C.) provides that "no suit for the
11 purpose of restraining the assessment or collection of any tax shall be maintained in any court by
12 any person, whether or not such person is the person against whom such tax was assessed."
13 The purpose of the Anti-Injunction Statute (26 U.S.C. §7421(a)) is to allow "the United States to
14 assess and collect taxes alleged to be due without judicial intervention, and to require that hte
15 legal right to the disputed sums be determined in a suit for refund." Enochs v. Williams Packing
16 & Navigation Co., 370 U.S. 1, 7-8. The IRS can only be enjoined under the Anti-Injunction Act
17 if a taxpayer can show that the government cannot prevail under any circumstances on its tax
18 claim, no adequate legal remedy exists, and an irreparable injury will result if an injunction is not
19 granted. Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1412 (9th Cir. 1988) citing *Enochs*,
20 370 U.S. 1.

21  In the case at bar, Plaintiff contests IRS collection action. See Complaint, page 3, Cause
22 of Action ("Todd Donald has been subject to threats and harassment from Timothy Franz
23 GEITHNER for some time, mainly that GEITHNER's agents have been fining both Todd Donad
24 and his wife $10k each for a total of $20K."). Pursuant to *Enochs*, Plaintiff is not entitled to
25 injunctive relief on these stated grounds because he cannot show that there are no circumstances
26 under which the government could prevail on its administrative collection efforts. Additionally,
27 Plaintiff has legal remedies other than this lawsuit: (1) to follow the IRS administrative process
28 and then contest the IRS's determination in United States Tax Court, or (2) pay the tax at issue in

**US Mot. To Dismiss,**
**Case No. C 12-4493-SI**                    2

full and file an action seeking a refund of the tax in the United States district court. Therefore, Plaintiff has failed to meet either prong of the two-part test as set forth in *Enochs* in order to obtain injunctive relief.

The complaint filed in this action is very similar to one recently filed in <u>Michael David v. Timothy Franz Geithner</u>, Case No. 12-3442-MCC (N. D. Calif.). In that case, after ordering Plaintiff David to show cause why the action should not be dismissed for failure to state a claim, the Court dismissed the action without leave to amend. See Orders attached hereto.

FOR THE REASONS STATED ABOVE, the United States submits that this action is due to be dismissed pursuant to Rules 12(b)(4), (b)(5) and (b)(6).

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/ Cynthia Stier
CYNTHIA L.STIER
Assistant United States Attorney
Tax Division
Attorneys for the United States

**US Mot. To Dismiss,
Case No. C 12-4493-SI**                    3